Good morning. May it please the Court, Robert Dillamadrid on behalf of Mr. Hernandez-Chiguil. With regard to this case, the main issue is that there's sufficient evidence presented, and the judge recognized that there was sufficient evidence presented of past persecution in Mr. Hernandez-Chiguil's asylum claim. She stated on the record that she found that there was sufficient evidence of past persecution. However, she said that that fell outside the purview of the Act, because he had failed to establish that the country of Guatemala had done anything to attempt to mitigate or protect him from that, and that he had not sought that assistance from the country of Guatemala. However, in this district, in this— Counsel, I don't see that the BIA disputed anything that you've just said. My understanding, Your Honor, is that they're stating that there was not an established decision of past persecution. I don't read that in the BIA's decision. Where do you get that? What I see that the BIA has said is that the IJ found that there were changed country conditions, and therefore your client couldn't qualify. My understanding, Your Honor, is that the past persecution fell outside the purview of the Act because of these alleged changed conditions. However, the immigration judge and then the BIA fail to take into consideration that it's required to make an individual adjudication of— Right. It looks to me like the BIA—the IJ found your client credible. The BIA, in those paragraphs on page 2 of its order, the first two paragraphs, seems to be only reciting what took place before the IJ, not making any findings, simply reciting it. And then in the next to the last paragraph, or the third paragraph on page 2, says, the immigration judge also found there's been a fundamental change in conditions in Guatemala since 1996. That's a problem for your client. We give him — he's completely credible. He was probably entitled at some point, or he might have been entitled at some point, to asylum. But once the changes — there's a fundamental change in country conditions, then he may have lost his opportunity for asylum. And that's the finding that binds the BIA and binds us. I don't see that you raised that before the BIA, and I don't see that you contested it here. Well, Your Honor, the flaw in that analysis, which we did point out on page 24 of our brief, the immigration judge and the BIA—well, the immigration judge only considered country conditions from 2007 and 2008 when making a determination that there had been no substantial— sorry, that there had been a substantial change in country conditions. The BIA just sort of rubber-stamped that without actually conducting any sort of an individualized— Did you raise this? Did you raise any of this to the BIA? I have your brief before the BIA. I looked at it, and I didn't see that you raised any of this before the BIA, and that's what the BIA said. That's the critical part of the BIA's opinion, is the Respondent does not challenge this finding on appeal or present an argument to show that this finding was an error. You didn't raise this before the BIA, and the BIA said, well, that's what we're going to decide this case on. So haven't you forfeited this? Well, there—if I may collect my thoughts. Well, the burden does shift when there is a determination of past persecution. The burden does shift to the Department of Homeland Security to show and— And the IJ found that Homeland Security had satisfied that burden. You took an appeal to the BIA, and you did not contest that there were changed country conditions in Guatemala and the BIA said, you didn't raise this, and we find that the IJ's reasoning on this is sufficient. How do we review something if you didn't raise it to the BIA? Assuming arguendo that this issue was not raised to the BIA, there are still some other considerations which were raised here with regard to humanitarian asylum, which was not considered. And did you raise that to the BIA? Did you ask them to consider humanitarian asylum? I don't see it in the record, counsel. And does the BIA have—do you have any authority for the proposition that the BIA must sua sponte consider humanitarian asylum? Only that's—which is under 8 CFR section 1208.13B1. What does that say? Which is when— That CFR and also the Supreme Court said in INS v. Ventura that when the BIA has not considered that issue, the proper course is to remand it. Right. Why did the BIA have to consider it? You didn't raise it. Well, there's a prior precedent, which is a matter of DIM 249 to 448, where the BIA has set a precedent of considering whether a person is eligible or not eligible for humanitarian asylum. I've heard hundreds of these cases. I don't remember seeing the BIA consider humanitarian asylum as a possibility when it hasn't been raised by a party. Are you saying that that case, the BIA established a policy of doing it sua sponte? Well, my reading of that case is that there—a precedent was set for an analysis by the BIA of whether humanitarian asylum— Regardless of whether it was raised by the petitioner? Whether or not it was raised by petitioner, I believe there's also some policy within the EOIR, which indicates that the immigration judge may have a duty or a responsibility to find out— Is that cited in your brief? Forms of—no, that is not. Sounds like you're kind of behind the curve in this case. Counsel, you've got three minutes left. Why don't you save them for rebuttal, and then maybe we can hear from the other side. And if you have a chance to fill in on these questions, you'll have that opportunity. Thank you. Thank you. May it please the Court, my name is Lance Jolly. I represent the respondent, the United States Attorney General. As this Court has been concerned, the Court should dismiss or deny the petition for review. As petitioner, particularly before the Board, failed to challenge dispositive aspects of his asylum claim. I have a—looking at page 2 of the BIA decision. Okay. I was having a little trouble understanding what the BIA was actually saying there. In the third paragraph that Judge Bybee was focused on, the respondent does not challenge this finding on appeal or present an argument that shows that this finding was in error. And then it drops a footnote that says, we also observe that the Department of State's 2008 Guatemala country reports and so on states that there were no reports of politically motivated killings by the government or its agents and no politically motivated disappearances. And then see also 2007 country report. Is that a factual finding that the BIA is making there? I don't think so. Well, I think it recognized that basically he had waived argument against the changed country condition finding of the immigration judge. And just as this Court sometimes looks as to whether there's a manifest injustice to when a party has waived a claim, that's kind of how I view that footnote, is that it's just an observational kind of thing and not a finding. That's one reading. But then it goes on to say, therefore, assuming arguendo, he's shown the government was unable or willing to control and so on, such presumption generated by the assumed arguendo past persecution would have been rebutted by the Department of Homeland Security based on the fundamental changes in country conditions and then cites the IJ. That's not what the IJ found. It didn't find that there was a – it didn't even get to that issue, did it? The immigration judge's – It didn't make a finding that it was rebutted. They're inferring from what the IJ said. The immigration judge's decision isn't a model of clarity. But the immigration judge did find and counsel did not dispute on appeal that conditions had fundamentally changed in Guatemala. And that fundamental change, country condition finding, fits into the rebuttal aspect of the asylum analysis. But, you know, this – I have to say the BIA is treading the line too. I understand your interpretation, but to the extent that they actually reach the merits, whether or not he – I think it's a little too far to say that they reach the merits. Why don't you let me finish my question? Okay. You may have anticipated it. But if it's exhausted because the BIA, in other words, even though he didn't raise it and waived it in that sense, to the extent that the BIA is looking to the evidence per footnote two and then making its own finding that the presumption would have been rebutted, that sounds – it could be interpreted as actually addressing the merits. I do think that the board toed the line, as you said, and that it didn't reach the merits. But even if the court takes it a different reading, as we briefed, substantial evidence supports the finding that country conditions have been rebutted. Okay. Anything further, Counsel? Unless you have questions about exhaustion of humanitarian asylum, I do not. Looks like no questions. Oh, question. I have a question. Counsel cited a case. Matter of DIM. Yes. Did he characterize that accurately? I don't. I think he reads too much into matter of DIM. Even if there was some sort of procedural process that needs to be carried out, it still needs to be exhausted. It's certainly a procedural aspect that has to be exhausted before the board. But the BIA presumably could sua sponte decide to. Oh, the board could certainly sua sponte. Is there any evidence that it's ever committed itself to doing so? I have not seen it. Humanitarian asylum is somewhat unique. In matter of LS25I and N decision 705, the board considers humanitarian asylum as a separate avenue for asylum relief, outside of the statutory definition of refugee. And based on the separateness, it generally needs to be raised before the board would consider it. Thank you, Counsel. Thank you. Commissioner de la Madrid, you have some reserve time. Thank you, Your Honor. Your Honor, with regard to the issue of whether the issue of the burden of proof or burden shifting to Department of Homeland Security, if past persecution has been established, I believe our position is still that DIM would control there that this issue was addressed by precedent from the BIA to review these cases for that purpose. All right. Thank you. Thank you, Counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Fisher, Bybee